UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LAFVORNE LEVI BARNETT,

                Plaintiff,

-against-

STATE OF NEW YORK; COUNTY OF OSSINING; CO A. THOMAS; CO K. EDWARDS; CO M. BANKS,

                Defendants.

24-CV-1174 (PMH)

ORDER OF SERVICE

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, who currently is incarcerated at Five Points Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that while he was incarcerated at Sing Sing Correctional Facility, Defendants violated his constitutional rights. By order dated March 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

**A.     State of New York**

Plaintiff's claims against the State of New York must be dismissed. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh

Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . .." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York are therefore barred by the Eleventh Amendment and are dismissed.

**B.     "County of Ossining"**

Plaintiff names as a Defendant the "County of Ossining." Because Ossining is a village within the Count of Westchester, *see* https://www.villageofossining.org/about [https://perma.cc/TQ2N-QLNP], the Clerk of Court is directed to dismiss the County of Ossining and substitute the Village of Ossining as a Defendant pursuant to Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the Village of Ossining may wish to assert.

**C.     Service on the Village of Ossining and correction officers A. Thomas, K. Edwards, and M. Banks**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that the summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants the Village of Ossining and correction officers A. Thomas, K. Edwards, and M. Banks through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**D.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

## CONCLUSION

The Court dismisses Plaintiff's claims against the State of New York as barred by Eleventh Amendment immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court dismisses Plaintiff's claims against the County of Ossining and directs the Clerk of Court to substitute the Village of Ossining as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is respectfully directed to terminate the State of New York as a defendant in this action. The Clerk of Court is further instructed to issue summonses for the Village of Ossining and correction officers A. Thomas, K. Edwards, and M. Banks, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is also instructed to mail an information package to Plaintiff.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated:   White Plains, New York
           March 13, 2024

                                                  PHILIP M. HALPERN
                                                  United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Village of Ossining
   Corporation Counsel
   16 Croton Avenue
   Ossining, New York 10562

2. C.O. A. Thomas
   Sing Sing Correctional Facility
   354 Hunter Street
   P.O. Box 442
   Ossining, New York 10562-5442

3. C.O. K. Edwards
   Sing Sing Correctional Facility
   354 Hunter Street
   P.O. Box 442
   Ossining, New York 10562-5442

4. C.O. M. Banks
   Sing Sing Correctional Facility
   354 Hunter Street
   P.O. Box 442
   Ossining, New York 10562-5442