UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAFVORNE LEVI BARNETT,

                      Plaintiff,

-against-

VILLAGE OF OSSINING; CO A. THOMAS; CO K. EDWARDS; CO M. BANKS,

                      Defendants.

ORDER OF SERVICE

24-CV-1174 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff commenced this action, *pro se*, under 42 U.S.C. § 1983 on February 9, 2024. Plaintiff alleged, in his original complaint, that while he was incarcerated at Sing Sing Correctional Facility, Defendants violated his constitutional rights. By order dated March 7, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

On February 15, 2024, Plaintiff filed the First Amended Complaint, naming the State of New York, the County of Ossining, Correction Officer ("CO") Edwards, CO Thomas, and CO Banks (together with CO Edwards and Thomas, "Individual Defendants") as defendants. (Doc. 2). On March 13, 2024, the Court issued an Order of Service. (Doc. 21). The Court, in that Order, dismissed Plaintiff's claims against the State of New York as barred by the Eleventh Amendment, and substituted the Village of Ossining for the County of Ossining pursuant to Federal Rule of Civil Procedure 21. (*Id.* at 2-3). The Court also directed The Clerk of Court to, among other things,

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

issue summonses for the Individual Defendants and the Village of Ossining and deliver all documents necessary to effect service to the U.S. Marshals Service. (*Id.* at 3-5).

On March 29, 2024, Plaintiff filed the Second Amended Complaint. (Doc. 23). On May 2, 2024, Defendant Village of Ossining filed its Answer to Plaintiff's Second Amended Complaint. (Doc. 27). The Individual Defendants have yet to answer or move with respect to the Second Amended Complaint. On July 16, 2024, the U.S. Marshals Service informed the Court that it had been unable to effectuate service of the Second Amended Complaint upon the Individual Defendants. (Docs. 39-41). The U.S. Marshals Service also noted that "[t]he 90 day service period expired." (*Id.*).

The Court previously warned Plaintiff that it is his responsibility to request an extension of time for service. (Doc. 12). Although he did not expressly make the request, the Court construes Plaintiff's recent letter, filed on October 21, 2024, as his request to extend time for service upon the Individual Defendants. (Doc. 46). That request is GRANTED and the time to effectuate service upon the Individual Defendants is extended *nunc pro tunc* to 90 days after the date of this Order. However, to the extent Plaintiff requests that this matter immediately proceed to trial, that request is DENIED, and the action shall proceed in the ordinary course.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the Individual Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and

Return form ("USM-285 form") for the Individual Defendants. The Clerk of Court is further instructed to re-issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the Individual Defendants.

Plaintiff is reminded that if the Second Amended Complaint is not served within 90 days after the date the summonses are issued, he must request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## **CONCLUSION**

The Clerk of Court is instructed to re-issue summonses for Correction Officers A. Thomas, K. Edwards, and M. Banks, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and terminate the motion pending at Doc. 46.

**SO ORDERED.**

Dated:
    White Plains, New York
    October 23, 2024

                                          PHILIP M. HALPERN
                                          United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. C.O. A. Thomas
   Sing Sing Correctional Facility
   354 Hunter Street
   P.O. Box 442
   Ossining, New York 10562-5442

2. C.O. K. Edwards
   Sing Sing Correctional Facility
   354 Hunter Street
   P.O. Box 442
   Ossining, New York 10562-5442

3. C.O. M. Banks
   Sing Sing Correctional Facility
   354 Hunter Street
   P.O. Box 442
   Ossining, New York 10562-5442