UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LAFVORNE BARNETT,

                       Plaintiff,

      v.

C.O. A THOMAS, et al.,

                       Defendants.
-----------------------------------------------------------X

**ORDER**

24-CV-01174 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, who is proceeding *pro se*, commenced this action on February 9, 2024. (Doc. 1). On March 29, 2024, Plaintiff's amended complaint was docketed, pressing claims against C.O. A. Thomas, C.O. K. Edwards, and C.O. M. Banks ("Defendants"). (Doc. 23).[1] Under the current scheduling order in this action, all discovery shall be completed by September 23, 2025. (Doc. 62).

      On May 7, 2025, Plaintiff's letter motion was docketed in which he sought (i) additional discovery, and (ii) leave to amend to join Sergeant Theodore Brooks as a defendant in this matter. (Doc. 65). On May 15, 2025, Defendants filed a letter responding to Plaintiff's two requests. (Doc. 67). Defendants, in their letter, also moved to (i) set June 20, 2025 as their deadline to file a pre-motion conference letter for an anticipated motion for summary judgment, and (ii) stay discovery until the Court resolves Defendants' yet-to-be-filed motion for summary judgment. (*Id.*).

      The Court has reviewed the parties' submissions, waives any pre-motion conference requirement, and exercises its discretion to deem Plaintiff's letter as a motion to compel discovery and for leave to file a Second Amended Complaint; and Defendants' letter as their opposition, as well as a motion to stay discovery. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir.

---

[1] Plaintiff had also named the Village of Ossining as a defendant. However, during the initial pre-trial conference held on April 7, 2025, Plaintiff agreed to discontinue the action against the Village of Ossining. (Doc. 61).

2011); *see also Brown v. New York*, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022).

The Court hereby makes the following rulings:

I. **Motion to Compel**

Plaintiff seeks the production of three items. First, Plaintiff seeks the production of an "[Unusual Incident and Use of Force] Report." (Doc. 65). Defendants represent that they will "mail[] an additional copy of" the relevant Unusual Incident and Use of Force Reports to Plaintiff. (Doc. 67 at 1). Thus, this request is granted as unopposed, and Defendants are directed to produce the relevant Unusual Incident and Use of Force Reports to Plaintiff in accordance with their representation.

Second, Plaintiff seeks the production of "Camera" footage of the "use of force" alleged in the Amended Complaint. (Doc. 65). That branch of Plaintiff's application is denied because Defendants have represented that "no such footage" exists. (Doc. 67 at 2).

Finally, Plaintiff seeks the production of his "Medical Report." (Doc. 65). Defendants have represented that they "have not yet received HIPAA compliant releases from Plaintiff," and they "will produce [Plaintiff's] medical records upon receipt of the necessary release forms." (Doc. at 67 at 2). This request is provisionally granted as unopposed with respect to Plaintiff's medical records, subject to Plaintiff signing and returning the necessary HIPAA-compliant release. Thus, if Plaintiff signs and returns the HIPAA-compliant release, Defendants are directed to produce Plaintiff's medical records to him upon their receipt of same.

II. **Motion for Leave to Amend**

Plaintiff seeks leave to amend to add Sergeant Theodore Brooks as a defendant. (Doc. 65). Defendants argue that adding Sergeant Theodore Brooks as a defendant would be futile because of their affirmative defense that Plaintiff failed to exhaust his administrative remedies. (Doc. 67 at

2

2-3). However, the Second Circuit has made clear that "leave to amend should be freely given, and a *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Garay v. Novartis Pharms. Corp.*, 576 F. App'x 24, 25 (2d Cir. 2014) (citation omitted).

Accordingly, Plaintiff's motion for leave to file a Second Amended Complaint to add Sergeant Theodore Brooks as a defendant is granted. Defendants may raise their failure-to-exhaust defense after Plaintiff's amendment.

### III. Defendants' Motion

Defendants seek an order setting June 20, 2025 as their deadline to file a pre-motion conference letter for an anticipated motion for summary judgment. That application is denied in light of the Court's ruling granting Plaintiff leave to file a Second Amended Complaint.

Defendants also seek a stay of discovery until "their [summary judgment] motion on the threshold issue of exhaustion is adjudicated." (Doc. 67 at 3). This application is denied. Plaintiff has been granted leave to file a Second Amended Complaint, and in any event, Defendants fail to demonstrate "good cause" to stay discovery. *See Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) ("'[U]pon a showing of good cause a district court has considerable discretion to stay discovery' pursuant to [Rule 26]." (collecting cases)); *Jenkins v. Miller*, No. 12-CV-00184, 2020 WL 5105183, at *2 (D. Vt. Aug. 31, 2020) ("A summary judgment motion filed before the close of the discovery period does not automatically stay discovery." (citation omitted)).

### **CONCLUSION**

For the forgoing reasons, Plaintiff's motion to compel is GRANTED IN PART, and Plaintiff's motion for leave to file a Second Amended Complaint is GRANTED. (Doc. 65). Defendants' motion to set June 20, 2025, as their deadline to file a pre-motion conference letter

3

for an anticipated motion for summary judgment and to stay discovery is DENIED. (Doc. 67).

Plaintiff shall file his Second Amended Complaint by June 9, 2025. Defendants, within fourteen-days of the docketing of Plaintiff's Second Amended Complaint, shall (i) answer the Second Amended Complaint or (ii) move to dismiss in accordance with the Court's Individual Rules.

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff.

Dated: White Plains, New York
      May 19, 2025

SO ORDERED:

_____
Philip M. Halpern
United States District Judge