```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LAFVORNE BARNETT,

                        Plaintiff,
        v.                                              ORDER

C.O. A THOMAS, et al.,                                  24-CV-01174 (PMH)

                        Defendants.
-----------------------------------------------------------X
```

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who is proceeding *pro se*, commenced this action on February 9, 2024. (Doc. 1). On March 29, 2024, Plaintiff's amended complaint was docketed, pressing claims against C.O. A. Thomas, C.O. K. Edwards, and C.O. M. Banks ("Defendants"). (Doc. 23).[1] On May 19, 2025, the Court, among other things, granted Plaintiff leave to file a Second Amended Complaint to add Sergeant Theodore Brooks as a defendant. (Doc. 69). Plaintiff's Second Amended Complaint is due by June 9, 2025. (*Id.*).

On May 20, 2025, another letter motion by Plaintiff was docketed. (Doc. 70). Liberally construing Plaintiff's letter, he now seeks (i) an order referring this action to the magistrate judge for all purposes; (ii) additional discovery, and (iii) leave to amend to add the State of New York and several John and Jane Doe individuals as defendants in this matter. (*Id.*). On May 30, 2025, Defendants filed a letter opposing Plaintiff's requests. (Doc. 72).

The Court has reviewed the parties' submissions, waives any pre-motion conference requirement, and exercises its discretion to deem Plaintiff's letter as a motion to (i) refer the case to a magistrate judge for all purposes, (ii) compel discovery, and (iii) for leave to amend the

---

[1] Plaintiff had also named the Village of Ossining as a defendant. However, during the initial pre-trial conference held on April 7, 2025, Plaintiff agreed to discontinue the action against the Village of Ossining. (Doc. 61).

operative pleading; and Defendants' letter as their opposition. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011); *see also Brown v. New York*, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022).

The Court hereby makes the following rulings:

**I.     Magistrate Judge**

Defendants, in their opposition, "do not consent" to referring this matter to a magistrate judge for all purposes. Accordingly, this branch of Plaintiff's application is denied. *See* 28 U.S.C. § 636(c)(1).

**II.    Motion to Compel**

Plaintiff seeks the production of four items. First, Plaintiff seeks the production of the "use of force [c]am[e]ra." (Doc. 70). That branch of Plaintiff's application is denied because Defendants have represented that "multiple requests have been made inquiring as to the existence of any video recordings of the December 19, 2023 incident at Sing Sing, but to date, no such footage has been identified." (Doc. 72 at 2). *See Atwell v. City of New York*, No. 07-CV-02365, 2008 WL 5336690, at *1 (S.D.N.Y. Dec. 15, 2008) ("Under ordinary circumstances, a party's good faith averment that the items sought simply do not exist, or are not in his possession, custody or control, should resolve the issue of failure of production.").

Second, Plaintiff seeks the production of an "[Unusual Incident and Use of Force] Report." (Doc. 70). Defendants represent that "Defendants produced a copy of the Unusual Incident and Use of Force Reports on March 20, 2025, and again on May 13, 2025 in color per Plaintiff's request." (Doc. 72 at 2). Accordingly, that branch of Plaintiff's application is denied as moot.

Third, Plaintiff seeks the production of his "Medical Report." (Doc. 70). The Court, in its May 19, 2025 Order, provisionally granted Plaintiff's prior motion to compel the production of his

medical records, subject to Plaintiff signing and returning the necessary HIPAA-compliant release. (Doc. 69 at 2). Thus, this branch of Plaintiff's application is denied as moot.

Finally, it appears that Plaintiff seeks an order compelling Defendants to reproduce unredacted copies of the Unusual Incident and Use of Force Reports. (Doc. 70). Defendants argue that their medical conditions are revealed therein and that the redactions are appropriate "to protect Defendants' private medical information." (Doc. 72 at 2-3). The Court agrees. Plaintiff fails to articulate how the medical condition of Defendants is relevant to this Section 1983 action. *See Roundtree v. City of New York*, No. 15-CV-08198, 2020 WL 4735196, at *1 (S.D.N.Y. Aug. 14, 2020) (denying *pro se* plaintiff's motion to compel unredacted copies of medical log books because "[the plaintiff was] not entitled to that confidential information as it is irrelevant to this action"). That branch of the application is thus denied without prejudice. Plaintiff may renew this request if he can articulate why any of the Defendants' medical conditions are relevant to this action.

### III. Motion for Leave to Amend

Plaintiff seeks leave to amend to add the State of New York, "John Dow," and "Jain Dow" for "Sgt's, CO's Kpt's, Lt's" as defendants to this action. (Doc. 70). Plaintiff's application concerning the State of New York is denied. As the Court explained in its March 13, 2024 Order, "Plaintiff's Section 1983 claims against the State of New York are [] barred by the Eleventh Amendment." (Doc. 12 at 3).

Defendants oppose the request concerning the proposed John and Jane Doe Defendants because "Plaintiff should have ample information to draw upon to identify additional parties" in light of the discovery he has received in this matter. (Doc. 72 at 2). At this juncture in the case, and because Plaintiff has already been granted leave to file a Second Amended Complaint, the Court will permit Plaintiff to add the proposed John and Jane Doe Defendants. Plaintiff is reminded that

3

he must plead sufficient information to aid in identifying the John and Jane Does he seeks to sue.

## CONCLUSION

For the forgoing reasons, Plaintiff's motion to amend the operative pleading is GRANTED IN PART. Plaintiff's motion to refer the case to a magistrate judge for all purposes and to compel is DENIED.

The time for Plaintiff to file his Second Amended Complaint is extended, *nunc pro tunc*, to June 25, 2025. Defendants, within fourteen-days of the docketing of Plaintiff's Second Amended Complaint, shall (i) answer the Second Amended Complaint or (ii) move to dismiss in accordance with the Court's Individual Rules.

The Clerk of Court is respectfully requested to mail a copy of this Order to Plaintiff.

Dated: White Plains, New York  
      June 6, 2025

SO ORDERED:

_____  
Philip M. Halpern  
United States District Judge